# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK A. WEISS,

    Plaintiff,

v.                                                                                                     Case No. 15-CV-1165

WAYNE BARRIBEAU,
DR. THOMAS MICHILOWSKI,
DR. JOSE ALBA,
JANE DOE, nurses at Wisconsin Resource Center,
JOHN DOE, two officers at Racine Correctional Institution,
CAROLYN PLANK, and
JOHN DOE, nurse or doctor at Racine Correctional Institution,

    Defendants.

# ORDER

The plaintiff, Mark A. Weiss, is a Wisconsin state prisoner representing himself. On September 19, 2018, the Court granted the defendants' motion for summary judgment, denied the plaintiff's motions for summary judgment, and denied the plaintiff's motion for evidentiary hearing. Judgment was entered on the same day. The plaintiff has filed a motion for reconsideration, a "rebuttal" to defendants' motion for summary judgment, and a motion for a federal jury investigation. The court will deny these motions.

There is no motion for reconsideration under the Federal Rules of Civil Procedure. There are, however, Rules 59(e) and 60(b). A motion filed under Rule 59(e) must be filed within twenty-eight days of entry of the judgment, while a Rule 60(b) motion must be filed "within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." Fed. R. Civ. P. 59(e), 60(c)(1). Whether a motion should be analyzed under Rule 59(e) or 60(b) depends

on the substance of the motion, not on the timing or label affixed to it. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701–02 (7th Cir. 2006)).

Altering or amending a judgment pursuant to Rule 59(e) is permissible when there is newly discovered evidence or where there has been a manifest error of law or fact. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). Vacating a judgment under Rule 60(b) is permissible for several reasons including mistake, excusable neglect, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington*, 433 F.3d at 546 (quoting *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)). Rule 59(e), on the other hand, requires that the movant "clearly establish" one of the aforementioned grounds for relief. *Id.* (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

The plaintiff's "motion for reconsideration," filed October 11, 2018, is a copy of an amended complaint he filed on November 15, 2017, with the words "motion for reconsideration" and "imminent danger, failure to protect prisoner" added to the first page. The Court struck this pleading on October 21, 2017. The plaintiff's refiling of this amended complaint does not provide the Court with grounds to overturn its summary judgment order. In his "Rebuttal" filing, the plaintiff argues that the defendants violated his rights. He reiterates arguments previously made in his summary judgment motion and in response to the defendants' motion for summary judgment. Finally, the plaintiff filed a motion for a federal jury investigation. He seeks investigation of people

and issues related to this case. However, this case is closed and the plaintiff has not provided reason for investigating any issues raised in his motion.

The plaintiff has not shown that he is entitled to relief under Rule 59(e) or Rule 60(b).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (ECF No. 114) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for a full federal jury investigation (ECF No. 116) is **DENIED**.

Dated at Green Bay, Wisconsin this  20th  day of November, 2018.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court - WIED